CLOSED_2013,VictimNotify

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
## CRIMINAL DOCKET FOR CASE #: 6:12-cr-06145-DGL All Defendants

Case title: JSA v. Dehn
Magistrate judge case number: 6:12-mj-04042-MWP

Date Filed: 11/28/2012
Date Terminated: 03/25/2013

---

Assigned to: Hon. David G. Larimer

### Defendant (1)

**Cassandra N. Dehn**
*TERMINATED: 03/25/2013*
*also known as*
Casey Dehn
*TERMINATED: 03/25/2013*

represented by **Patrick K. Russi**
Moyer Russi &Randall, PC
2300 West Ridge Road
Rochester, NY 14626
585-458-2800
Fax: 585-268-9703
Email: prussi@mrresq.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

ATTEMPT AND CONSPIRACY
TO COMMIT MAIL FRAUD
18:1349
(1)

### Disposition

3 years probation; $22,808.71 in restitution, joint and several; fine waived; $100 spa

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

### Highest Offense Level (Terminated)

None

### Complaints

### Disposition

1

18:1349.F – the defendants did knowingly conspire to devise a scheme or artifice to defraud and to obtain money and property by means of false or fraudulent representations by transmitting and causing to be transmitted writings, signs and signals by wire communication in interstate and foreign commerce to execute the scheme to defraud and to obtain money and property

**Plaintiff**

**USA**     represented by    **Marisa J. Miller**
United States Attorney Office
620 Federal Building
100 State Street
Rochester, NY 14614
585-263-6760
Fax: 585-263-6226
Email: marisa.miller@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/30/2012 | 1 | | COMPLAINT as to David M. Pierleoni (1), Victor M. Ortiz (2), Cassandra N. Dehn (3). (CAM) [6:12-mj-04042-MWP] (Entered: 05/01/2012) |
| 04/30/2012 | 2 | | MOTION to Seal the complaint and supporting affidavitby USA as to David M. Pierleoni, Victor M. Ortiz, Cassandra N. Dehn. (CAM) [6:12-mj-04042-MWP] (Entered: 05/01/2012) |
| 04/30/2012 | 3 | | ORDER granting 2 Motion to Seal as to David M. Pierleoni (1), Victor M. Ortiz (2), Cassandra N. Dehn (3). the complaint and underlying affidavit are sealed until the defendants' arrests, with leave granted for the government to seek further extensions as appropriate. Signed by Hon. Marian W. Payson on 4/30/12.(CAM) [6:12-mj-04042-MWP] (Entered: 05/01/2012) |
| 05/07/2012 | 9 | | Rule 5(c)(3) Documents Received as to Cassandra N. Dehn (CAM) [6:12-mj-04042-MWP] (Entered: 05/10/2012) |
| 05/10/2012 | 10 | | CJA 23 Financial Affidavit by Cassandra N. Dehn as filed in the Western District of Missouri. (CAM) [6:12-mj-04042-MWP] (Entered: 05/10/2012) |
| 05/16/2012 | | | Case unsealed as to David M. Pierleoni, Victor M. Ortiz, Cassandra N. Dehn (CAM) [6:12-mj-04042-MWP] (Entered: 05/16/2012) |
| 05/16/2012 | 13 | | CJA 23 Financial Affidavit by Cassandra N. Dehn. (CAM) [6:12-mj-04042-MWP] (Entered: 05/16/2012) |

| | | | |
|---|---|---|---|
| 05/16/2012 | <u>14</u> | | ORDER Setting Conditions of Release as to Cassandra N. Dehn (3) personal recognizance. Signed by Hon. Marian W. Payson on 5/16/12.(CAM) [6:12-mj-04042-MWP] (Entered: 05/16/2012) |
| 05/16/2012 | 16 | | Minute Entry for proceedings held before Hon. Marian W. Payson:Initial Appearance as to Cassandra N. Dehn held on 5/16/2012.The defendant made a Rule 5 initial appearance in the Western District of Missouri and was released on conditions. The same conditions will be imposed with the addition of treatment if necessary. Defendant requests court-appointed counsel. Patrick Russi appointed. Status Conference/Set PH Date: 7/10/12 @ 9:00 a.m. TIME FROM 5/16/12 THROUGH 7/10/12 EXCLUDED IN THE INTEREST OF JUSTICE.Appearances: Marisa Miller, AUSA; Defendant with Patrick Russi, Esq.; Jillian Trahms, POA(Digital Recording)(CAM) Modified on 5/22/2012 (CAM). [6:12-mj-04042-MWP] (Entered: 05/21/2012) |
| 05/22/2012 | | | E-Filing Notification: DATE OF INITIAL APPEARANCE CORRECTED. 16 Minute Entry for proceedings held before Hon. Marian W. Payson:Initial Appearance as to Cassandra N. Dehn, 17 Minute Entry for proceedings held before Hon. Marian W. Payson:Initial Appearance as to Victor M. Ortiz (CAM) (CAM) [6:12-mj-04042-MWP] (Entered: 05/22/2012) |
| 07/10/2012 | 31 | | Minute Entry for proceedings held before Hon. Marian W. Payson:Status Conference as to Cassandra N. Dehn held on 7/10/2012. Defendant requests an adjournment. Status Conference set for 8/28/12 @ 9:00 a.m. TIME FROM 7/10/12 THROUGH 8/28/12 EXCLUDED IN THE INTEREST OF JUSTICE.Appearances: Marisa Miller, AUSA; Defendant with Patrick Russi, Esq.(Digital Recording)(CAM) [6:12-mj-04042-MWP] (Entered: 07/13/2012) |
| 08/22/2012 | <u>38</u> | | ORDER as to Cassandra N. Dehn granting the request to waive the defendant's appearance at the 8/28/12 status conference. Signed by Hon. Marian W. Payson on 8/22/12.(CAM) [6:12-mj-04042-MWP] (Entered: 08/23/2012) |
| 08/28/2012 | 43 | | Minute Entry for proceedings held before Hon. Marian W. Payson:Status Conference as to Cassandra N. Dehn held on 8/28/2012.The defendants appearance has been waived. Parties are working on a possible resolution. Mr. Russi requests an adjournment. Status Conference set for 9/25/12 @ 9:00 a.m. TIME FROM 8/28/12 THROUGH 9/25/12 EXCLUDED IN THE INTEREST OF JUSTICE.Appearances: Marisa Miller, AUSA; Patrick Russi, Esq. for defendant(Digital Recording)(CAM) [6:12-mj-04042-MWP] (Entered: 09/10/2012) |
| 09/25/2012 | 47 | | Minute Entry for proceedings held before Hon. Marian W. Payson:Status Conference as to Cassandra N. Dehn held on 9/25/2012. Mr. Russis request to waive Ms. Dehns appearance is granted. Parties are working on a possible resolution. Mr. Russi requests an adjournment. Status Conference set for 10/16/12 @ 9:00 a.m. TIME FROM 9/25/12 THROUGH 10/16/12 EXCLUDED IN THE INTEREST OF JUSTICE.Appearances: Bradley Tyler, AUSA; Patrick Russi, Esq. for defendant(Digital Recording) (CAM) [6:12-mj-04042-MWP] (Entered: 09/26/2012) |
| 10/16/2012 | 52 | | Minute Entry for proceedings held before Hon. Marian W. Payson:Status |

3

| | | | |
|---|---|---|---|
| | | | Conference as to Cassandra N. Dehn held on 10/16/2012. The letter request by Mr. Russi to waive his clients appearance is granted. Parties are working on a possible resolution. Status Conference set for 11/15/12 @ 9:00 a.m. TIME FROM 10/16/12 THROUGH 11/15/12 EXCLUDED IN THE INTEREST OF JUSTICE.Appearances: Marisa Miller, AUSA; Patrick Russi, Esq. for defendant; Jillian Trahms, POA(Digital Recording) (CAM) [6:12-mj-04042-MWP] (Entered: 10/23/2012) |
| 11/14/2012 | 54 | | ORDER as to Cassandra N. Dehn, ( Status Conference set for 12/3/2012 09:00 AM before Hon. Marian W. Payson.), ORDER TO CONTINUE – Ends of Justice as to Cassandra N. Dehn Time excluded from 11/14/12 until 12/3/12.. Signed by Hon. Marian W. Payson on 11/14/12.(CAM) [6:12-mj-04042-MWP] (Entered: 11/14/2012) |
| 11/28/2012 | 55 | 6 | WAIVER OF INDICTMENT by Cassandra N. Dehn. (JHF) (Entered: 11/29/2012) |
| 11/28/2012 | 56 | 7 | INFORMATION as to Cassandra N. Dehn (1) count(s) 1. (JHF) (Entered: 11/29/2012) |
| 11/28/2012 | 57 | 10 | PLEA AGREEMENT as to Cassandra N. Dehn. (JHF) (Entered: 11/29/2012) |
| 11/28/2012 | 58 | | Minute Entry for proceedings held before Hon. David G. Larimer:Plea Hearing as to Cassandra N. Dehn held on 11/28/2012, Plea entered by Cassandra N. Dehn (1) Guilty Count 1., ( Sentencing set for 2/5/2013 10:00 AM before Hon. David G. Larimer.) (Tape #taped.)(PR) (Entered: 12/04/2012) |
| 02/05/2013 | 59 | | TEXT ORDER as to Cassandra N. Dehn, ( Sentencing reset for 3/26/2013 10:30 AM before Hon. David G. Larimer.) Defendant's sentencing submissions are due 3/5/13; government's response is due 3/12/13. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/5/13.(PR) (Entered: 02/05/2013) |
| 02/12/2013 | 60 | | CJA 20 Appointment of Counsel of Patrick K. Russi for Cassandra N. Dehn. Signed by Hon. Marian W. Payson on 2/6/13.(JHF) (Entered: 02/14/2013) |
| 03/01/2013 | | | Set/Reset Hearings as to Cassandra N. Dehn: Sentencing reset for 3/21/2013 04:30 PM before Hon. David G. Larimer. All sentencing submissions deadlines to remain the same. (PR) (Entered: 03/01/2013) |
| 03/03/2013 | 61 | | SENTENCING MEMORANDUM by Cassandra N. Dehn (Attachments: #1 Exhibit Exhibit Page, #2 Exhibit Letter of Support, #3 Exhibit Letter of Support, #4 Exhibit Letter of Support, #5 Certificate of Service Affidavit – Service by Mail)(Russi, Patrick) (Entered: 03/03/2013) |
| 03/13/2013 | 62 | | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Cassandra N. Dehn (Miller, Marisa) (Entered: 03/13/2013) |
| 03/21/2013 | 63 | | Minute Entry for proceedings held before Hon. David G. Larimer:Sentencing held on 3/21/2013 for Cassandra N. Dehn (1), Count(s) 1, 3 years probation; $22,808.71 in restitution, joint and several; fine waived; $100 spa. (Court Reporter John DiMartino.)(PR) (Entered: 03/22/2013) |
| 03/25/2013 | 64 | 29 | JUDGMENT as to Cassandra N. Dehn (1), Count(s) 1, 3 years probation; $22,808.71 in restitution, joint and several; fine waived; $100 spa. Additional |

| | | | |
|---|---|---|---|
| | | | certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department. Signed by Hon. David G. Larimer on 3/22/13.(JHF) (Entered: 03/25/2013) |
| 03/25/2013 | 65 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Cassandra N. Dehn. (JHF) (Entered: 03/25/2013) |
| 08/08/2013 | 66 | | CJA 20 as to Cassandra N. Dehn: Authorization to Pay Patrick K. Russi. Amount: $3,462.50, Voucher # 130-115-000-060. Signed by Hon. David G. Larimer on 8/1/13.(JHF) (Entered: 08/23/2013) |
| 07/22/2014 | 67 | 34 | Probation Jurisdiction Transferred to Western District of Missouri as to Cassandra N. Dehn. Transmitted Transfer of Jurisdiction form, with certified copies of waiver of indictment, information, plea agreement, judgment, transfer order and docket sheet. (JHF) (Entered: 07/23/2014) |

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-vs-

CASSANDRA N. DEHN,

Defendant.

12-CR-6145(DGL)

**INFORMATION**
(Felony)

Violation:
18 U.S.C. § 1349

## COUNT 1

**The United States Attorney Charges:**

1. Beginning on or about July 1, 2009, and continuing through on or about August 1, 2009, in the Western District of New York and elsewhere, the defendant, CASSANDRA DEHN, did knowingly, willfully and unlawfully combine, conspire and agree with David Pierleoni, and others, known and unknown, to devise and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent representations by transmitting and causing to be transmitted writings, signs and signals by wire communication in interstate and foreign commerce to execute the scheme and artifice to defraud and to obtain money and property, in violation of Title 18, United States Code, Section 1343.

2. At all times relevant to this Information, the defendant, CASSANDRA N. DEHN, was employed as a front desk employee at the Comfort Inn and Suites in Willard, Missouri. As an employee of the hotel, the defendant, CASSANDRA N. DEHN, had access to the personal

7

information of Comfort Inn and Suites guests, including their credit card account numbers, expiration dates and access codes.

3. As part of the conspiracy, the defendant, CASSANDRA N. DEHN, knowingly obtained credit card numbers, expiration dates and access codes belonging to Comfort Inn and Suites guests, from a computer terminal in Willard, Missouri, and intentionally transmitted the information via wire and electronic communication, including by electronic mail ("e-mail") and MySpace.com messages, to co-defendant David M. Pierleoni, in the Western District of New York.

4. In furtherance of the conspiracy, co-defendants David M. Pierleoni and Victor M. Ortiz, utilized the credit card account numbers, expiration dates and access codes that the defendant, CASSANDRA N. DEHN, transmitted by wire and electronic communication, by falsely and fraudulently representing that they were the account holders of the particular credit card account numbers and in order to make unauthorized purchases of liquor, food and other services.

5. In return for electronically transmitting the credit card account numbers, expiration dates and access codes belonging to Comfort Inn and Suites guests to co-defendant David M. Pierleoni,

2

the defendant, CASSANDRA N. DEHN, received a cash payment from David M. Pierleoni.

**All in violation of Title 18, United States Code, Section 1349.**

DATED: Rochester, New York, November 28, 2012.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY: *MarisaJ.Miller* (signature)

MARISA J. MILLER
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614
(585)263-6760, ext. 2265
Marisa.Miller@usdoj.gov

3

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

SCW:caf (17971)

# UNITED STATES DISTRICT COURT

| WESTERN | District of | NEW YORK |

UNITED STATES OF AMERICA
V.

CASSANDRA DEHN

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 6:12-CR-06145-001

USM Number: 24095-055

Patrick K. Russi
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1349 | Conspiracy to Commit Wire Fraud | 08/01/2009 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Criminal    Complaint 5:12-MJ-04042-001    ☒ is    ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 21, 2013
Date of Imposition of Judgment

Signature of Judge

Honorable David G. Larimer, U.S. District Judge
Name and Title of Judge

March 22, 2013
Date

29

| AO 245B | (Rev. 12/03) Judgment in a Criminal Case<br>Sheet 4— Probation | SCW:caf (17971) |
|---|---|---|

Judgment—Page __2__ of __5__

DEFENDANT: CASSANDRA DEHN
CASE NUMBER: 6:12-CR-06145-001

## PROBATION

The defendant is hereby sentenced to probation for a term of:

**Three (3) Years**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| AO 245B | (Rev. 12/03) Judgment in a Criminal Case | | SCW:caf (17971) |
|---|---|---|---|
| | Sheet 4C — Probation | | |

Judgment—Page 3 of 5

DEFENDANT: CASSANDRA DEHN
CASE NUMBER: 6:12-CR-06145-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, to include urinalysis and other testing. Details of such testing to be approved by the U.S. Probation Office. If substance abuse is indicated by testing, the defendant is to complete a drug/alcohol evaluation and enter into any treatment as deemed necessary by the U.S. Probation Office and/or the Court. The defendant is not to leave treatment until discharge is agreed to by the U.S. Probation Office and/or the Court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant is to submit to a mental health evaluation. If indicated by the evaluation, the defendant shall participate in mental health treatment, the details of such treatment to be approved by the U.S. Probation Office. The defendant is not to leave such treatment until discharge is agreed to by the U.S. Probation Office and the treating agency. While in treatment or taking psychotropic medication, the defendant shall abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. The U.S. Probation Office is authorized to release pre-sentence and post-sentence financial information submitted by the defendant to the U.S. Attorney's Office for use in the collection of any unpaid fine or restitution. If restitution is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse his/her interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

While a restitution balance is outstanding, the defendant shall not incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office.

The defendant shall submit to a search of her person, property, vehicle, place of residence or any other property under her control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

| AO 245B | (Rev. 12/03) Judgment in a Criminal Case | SCW:zsf (17971) |
|---|---|---|
| | Sheet 5 — Criminal Monetary Penalties | |

Judgment — Page 4 of 5

DEFENDANT: CASSANDRA DEHN
CASE NUMBER: 6:12-CR-06145-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100 | $ 0 | $ 22,808.71 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| List of Victims to be Provided to the U.S. Clerk's Office | $22,808.71 | $22,808.71 | 100% |
| | | | |
| TOTALS | $ 22,808.71 | $ 22,808.71 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

32

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

SCW:csf (17971)

Judgment — Page 5 of 5

DEFENDANT: CASSANDRA DEHN
CASE NUMBER: 6:12-CR-06145-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

The Special Assessment is due, in full, immediately.

While on probation, the defendant shall make monthly payments at the rate of at least **10% of her monthly gross income**. Payments are to be in the form of a money order made payable to Clerk, U.S. District Court, 304 U.S. Courthouse, 2 Niagara Square, Buffalo, New York, 14202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

**Restitution will be joint and several with any other defendant(s), convicted in this case or any related case, who share the same victim(s) and losses, to include, but not limited to: Victor Ortiz 6:12-CR-06138-001 and David Pierleoni 6:12-CR-06137-001.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

33